Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | Amy J. St. Eve |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4356 | **DATE** | February 18, 2003 |
| **CASE TITLE** | King v. Hartwig | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the following reasons, Petitioner's habeas petition is **DENIED**. All pending dates and motions are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 1 9 2003 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | JS docketing deputy initials | 14 |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| JHC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


FEB 1 9 2003

CHARLES KING, )
    Petitioner, )
)
                                       )   NO. 98 C 4356
v. )
)   JUDGE WILLIAM J. HIBBLER
JACK HARTWIG, Warden, )
    Respondent. )

## MEMORANDUM OPINION AND ORDER

Following a plea of guilty to first degree murder in October 1993, Petitioner Charles King ("King") was sentenced to twenty-eight years imprisonment. King did not take a direct appeal from his conviction or seek post-conviction relief in the Illinois courts. Instead, he filed the instant petition on July 23, 1998, asserting four possible grounds for relief. Because the Court finds that King has procedurally defaulted all of these claims, his habeas petition must be denied.

## BACKGROUND

According to the federal habeas petition filed by King, he was seventeen years old when he pled guilty to a murder charge in October 1993.[1] The trial judge subsequently sentenced him to 28 years in prison. King claims his trial counsel advised him to plead

---

[1] In his petition, King lists the date of judgment or conviction as October 21, 1998. However, King did not file the instant petition until July 23, 1998. Respondent claims King was convicted on October 27, 1993. (Answer, fn.2). According to the Illinois Department of Corrections website, http:/www.idoc.state.il.us/, King's date of birth is May 5, 1976, which means he would have been 17 years old in 1993, and his custody date is November 4, 1993. The Court therefore concludes that King committed a typographical error when he identified the year of his conviction as 1998, rather than 1993.

14

guilty in order to avoid a lengthy prison sentence because the State had a gun and his co-defendant would finger King as the shooter. King says trial counsel told him he could not change his plea later or appeal for any reason. King also claims that neither his defense counsel nor the state's attorneys nor the trial judge ensured that he understood what it meant to plead guilty, or explained that he could file a motion to withdraw his guilty plea within thirty days after sentencing.

King did not move to vacate judgment on the guilty plea, appeal his conviction or sentence, or file a petition for post-conviction relief. Instead, five years after pleading guilty, King filed this habeas petition in federal court seeking habeas relief on the grounds that trial counsel rendered ineffective assistance of counsel when he told King that the state had evidence against him, i.e, the gun and thus pleading guilty was the only thing he could do, and failed to inform King that he could change his plea or appeal. In addition, King asserts due process and equal protection violations arising from the alleged failure of the lawyers and trial judge to ensure that he entered a knowing and voluntary plea of guilty.

## ANALYSIS

Federal courts have the power to grant a writ of habeas corpus to a state prisoner who is restrained in violation of the Constitution or laws and treaties of the United States. 28 U.S.C. § 2254(a). However, a federal court cannot address the merits of a habeas corpus petition unless the state courts have had a full and fair opportunity to consider the petitioner's constitutional claims. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Comity "dictates that when a prisoner alleges that his continued confinement for a state

court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 839, 119 S. Ct. 1728, 1732 (1999). Unless King overcomes two procedural hurdles - - exhaustion and procedural default - - his habeas petition is barred. *Rodriguez*, 63 F.3d at 555.

The "exhaustion doctrine" looks at what procedures are available under state law. *Boerckel*, 119 S. Ct. at 1734. Illinois provides a two-tiered system for appellate review of a criminal conviction, direct appeal and post-conviction relief, which King must invoke before proceeding to federal court. *Id.* at 1732-33. It is undisputed that King did not pursue either of those options, and that due to the passage of time, those state law remedies are no longer "available" to him. *See* Ill. S.Ct. Rule 604(d) (prohibiting an appeal from judgment entered on a plea of guilty unless a motion to withdraw the guilty plea is filed within 30 days of sentencing); 725 ILCS 5/122-1(c) (post-conviction relief must be sought within 3 years of the date of conviction). Since King can pursue no further relief under Illinois law, he has essentially exhausted his state court remedies.

Nevertheless, King's failure to comply with the state's procedural requirements for presenting federal constitutional claims resulted in a procedural default of those claims. "To avoid procedural default, a habeas petitioner must have presented fully and fairly his federal claims to the state court." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). Because King did not file an appeal or a post-

conviction petition, the Illinois state courts have not been afforded any opportunity, let alone a fair opportunity, to consider his constitutional claims. Consequently, all of the claims King raises in his federal habeas petition are procedurally barred. *Boerckel*, 119 S. Ct. at 1734.

Federal courts may nonetheless consider the merits of defaulted claims if a prisoner demonstrates "cause for his state-court default of *any* federal claim, and prejudice therefrom." *Edwards v. Carpenter*, 529 U.S. 448, 120 S. Ct. 1587, 1591 (2000) (emphasis in original); *Rodriguez*, 193 F.3d at 917. King argues that his trial counsel's failure to advise him of his appeal rights constitutes "cause" to excuse the procedural default. However, "a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 488, 106 S. Ct. 2639, 2646 (1986). Otherwise, the "ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim [is] itself procedurally defaulted." *Edwards*, 120 S. Ct. at 1592. *See Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002) (explaining that a claim on federal habeas review that counsel was defective does not automatically excuse the petitioner from raising an ineffective assistance of counsel claim in state court).

King offers no reason for his failure to file an ineffective assistance of counsel claim in the state court proceedings. Because King did not appeal his conviction, he had three years, or until October 1996, to initiate post-conviction proceedings. However, King waited until twenty-one months after the time for asserting his federal constitutional claims had

expired to seek relief. There is no evidence in the record to suggest that some external factor prevented King from raising an ineffective assistance of counsel claim sooner. *Cf. Dellinger*, 301 F.3d at 766 (Petitioner's youth and ignorance are insufficient to excuse a procedural default). Therefore, King's failure to present an ineffective assistance of counsel claim in the state court proceedings constitutes a full default. In light of King's failure to establish "cause," the Court need not consider the "prejudice" prong of the test.

Moreover, King does not argue that a refusal to review his federal claims will result in a fundamental miscarriage of justice, *Edwards*, 120 S. Ct. at 1591 (noting this exception to the cause and prejudice rule), that is, where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 106 S. Ct. at 2649. In his federal habeas petition, King makes no claims of innocence. Rather, he says the State lied about the existence of a gun that would tie him to the murder. As such, there has been no fundamental miscarriage of justice" as defined by Supreme Court precedent.

## CONCLUSION

For all the foregoing reasons, the Court finds that King has procedurally defaulted on all of the claims raised in his federal habeas petition. Accordingly, his habeas petition is denied.

**IT IS SO ORDERED.**

_____
AMY J. ST. EVE, DISTRICT JUDGE

DATED: February 18, 2003